IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIYOM SOUVANNASOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-642-RJD |
| ) | |
| RENUKA H. BHATT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Plaintiff's motion and affidavit seeking leave to proceed *in forma pauperis* ("IFP") (Doc. 4).  For the reasons set forth below, the motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

The Court's inquiry does not end there, however, because Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed IFP.   A court can dismiss a case if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").   Thus, resolution of the motion to proceed IFP requires

the undersigned the review the allegations of the complaint.

Plaintiff, Niyom Souvannasot, brings this medical malpractice action against Dr. Renuka Bhatt, an Illinois physician who treated Mrs. Laurie Souvannasot from June 2011 through February 2013.  Plaintiff alleges Dr. Bhatt injected Laurie Souvannasot with a medication that caused her serious and severe side effects, and failed to address her complications.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 1331.  In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states.  *See* 28 U.S.C. § 1332(a).  Plaintiff's complaint does not state a claim arising under the United States Constitution or federal law and, therefore, Plaintiff does not demonstrate federal question jurisdiction.  Although Plaintiff's demand for monetary damages exceeds $75,000, because the parties are all citizens of Illinois, Plaintiff fails to establish diversity jurisdiction.  Accordingly, because the Court finds Plaintiff's allegations do not state a plausible claim for relief, the motion for leave to proceed *in forma pauperis* (Doc. 4) is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).  All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: August 19, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**